SHAQUIL KILGOE, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 679, 2009
Supreme Court of Delaware.
Submitted: April 15, 2010
Decided: April 29, 2010
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 29th day of April 2010, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Shaquil Kilgoe (Kilgoe), pled guilty in June 2009 to one count each of third degree attempted burglary and second degree conspiracy. The Superior Court sentenced Kilgoe to a total period of four years at Level V incarceration, to be suspended immediately for eighteen months at Level II probation. A violation of probation (VOP) report issued after Kilgoe failed to report to probation. Kilgoe admitted his failure to report at a VOP hearing held on November 10, 2009. The Superior Court adjudged Kilgoe to be in violation of his probation and sentenced him to six months at Level V incarceration with no probation to follow. This is Kilgoe's appeal from his VOP sentence.
(2) Kilgoe's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Kilgoe's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Kilgoe's attorney informed him of the provisions of Rule 26(c) and provided Kilgoe with a copy of the motion to withdraw and the accompanying brief. Kilgoe also was informed of his right to supplement his attorney's presentation. Kilgoe has raised one issue for the Court's consideration. He contends that a Level V sentence was too harsh. The State has responded to Kilgoe's argument, as well as to the position taken by Kilgoe's counsel, and has moved to affirm the Superior Court's judgment.
(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(4) Appellate review of a sentence generally ends upon a determination that the sentence falls within the legal limits.[2] In sentencing a defendant on a probation violation, the trial court is authorized to impose any sentence up to the balance of the suspended sentence then in effect.[3] In this case, the Superior Court was authorized to impose the full balance of the four-year original suspended sentence but chose to sentence Kilgoe to only six months at Level V incarceration. Kilgoe does not argue, and there is nothing in the record to reflect, that the sentencing court abused its discretion in sentencing Kilgoe as it did. Accordingly, we find no basis for relief on appeal.
(5) This Court has reviewed the record carefully and has concluded that Kilgoe's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Kilgoe's counsel has made a conscientious effort to examine the record and the law and has properly determined that Kilgoe could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Mayes v. State, 604 A.2d 839, 842 (Del. 1992).
[3] Pavulak v. State, 880 A.2d 1044, 1046 (Del. 2005).